**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KRYSTAL L. BOXUM-DEBOLT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2641-KHV |
| OFFICE OF THE DISTRICT ATTORNEY, ) | |
| 3RD JUDICIAL DISTRICT OF KANSAS ) | |
| (SHAWNEE COUNTY DISTRICT ) | |
| ATTORNEY'S OFFICE), et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Krystal L. Boxum-Debolt and Lisa Anne Moore bring suit against the Office of the District Attorney, 3rd Judicial District of Kansas ("DA's Office"); Chadwick J. Taylor, District Attorney for the 3rd Judicial District of the State of Kansas, in his official and individual capacities; Shawnee County, Kansas; and County Commissioners Ted Ensley, Mary M. Thomas and Shelly Buhler in their official and individual capacities. See Complaint (Doc. #1) filed October 1, 2012. Under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., plaintiffs assert claims for gender discrimination (Count I), associational discrimination (Count II) and retaliation (Count III). Under 42 U.S.C. §§ 1983 and 1985, plaintiffs claim that defendants violated their constitutional rights to substantive and procedural due process, freedom of speech and equal protection (Count IV) and conspired to violate those rights (Count V). Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., plaintiffs claim that defendants willfully denied overtime wages (Count VI).

On September 30, 2013, the Court sustained in part defendants' motions to dismiss. See Memorandum And Order (Doc. #24). Specifically, the Court dismissed (1) all claims against the DA's Office; (2) claims under Section 1983, Section 1985 and the FLSA against Taylor in his official capacity; (3) claims under Section 1983 against Taylor in his individual capacity; and (4) claims under Title VII, Section 1983 and Section 1985 against Shawnee County and the commissioners in their official and individual capacities.[1] After the Court's rulings, the following claims remained in the case: (1) Title VII claims against Taylor in his official capacity (Counts I-III); (2) FLSA claims against Taylor in his individual capacity (Count VI); and (3) FLSA claims against Shawnee County and the commissioners in their official and individual capacities (Count VI). This matter comes before the Court on the Motion Of Defendant Taylor To Reconsider ("Motion To Reconsider") (Doc. #25) filed October 3, 2013. Defendant asserts that the Court should have dismissed the FLSA claim against him in his individual capacity based on qualified immunity. For reasons stated below, the Court overrules defendant's motion.

**I.      Legal Standards**

   **A.      Motion To Reconsider**

A motion to reconsider must be based on (1) an intervening change in controlling law; (2) newly available evidence; or (3) the need to correct clear error or prevent manifest injustice. See Coffeyville Res. Ref. & Mktg., LLC v. Liberty, 748 F. Supp. 2d 1261, 1264 & n.2 (D. Kan. 2010);

---

[1] The Court also ordered plaintiffs to show cause in writing why the Title VII claims against Taylor in his individual capacity should not be dismissed. Memorandum And Order (Doc. #24) at 18-19. In response, plaintiffs agreed that such claims should be dismissed. See Plaintiffs' Response To Order To Show Cause (Doc. #28) filed October 15, 2013. Accordingly, on October 16, 2013, the Court dismissed the Title VII claims against Taylor in his individual capacity. Order (Doc. #29).

see also D. Kan. R. 7.3(b); Comeau v. Rupp, 810 F. Supp. 1172, 1174-75 (D. Kan. 1992). It is not appropriate to revisit issues already addressed or to advance argument that a party could have raised in prior briefing. See, e.g., Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion brought under Rule 59(b)). A motion to reconsider is not a second opportunity for the losing party to make his strongest case, to rehash arguments or to dress up arguments that previously failed. Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996); Resolution Trust Corp. v. Greif, 906 F. Supp. 1446, 1456 (D. Kan. 1995); Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994). A party's failure to present his strongest case in the first instance does not entitle him to a second chance through a motion to reconsider. Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005). The court has discretion whether to grant a motion to reconsider.

### B. Qualified Immunity

Qualified immunity shields government officials from liability for discretionary functions "if their conduct does not violate clearly established rights of which a reasonable government official would have known." Perez v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan., 432 F.3d 1163, 1165 (10th Cir. 2005). Although summary judgment provides the typical vehicle for asserting qualified immunity, defendant may also raise the defense in a motion to dismiss. See Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004). Asserting the defense in this fashion, however, subjects defendant to a more challenging standard of review than would apply on summary judgment. See id. (citing Lone Star Indus., Inc. v. Horman Family Trust, 960 F.2d 917, 920 (10th Cir. 1992) (Rule 12(b)(6) motion viewed with disfavor and rarely granted)).

In evaluating qualified immunity in the context of a motion to dismiss, the Court determines whether plaintiffs have alleged that defendant deprived them of constitutional rights and whether those rights were clearly established at that time. See id. at 1202 (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Plaintiffs bear the burden to allege facts sufficient to allow the Court to make these determinations. See id. at 1202–03; see also Perez, 432 F.3d at 1165. If plaintiffs sufficiently allege the deprivation of a clearly established right, qualified immunity will not protect defendant. A valid qualified immunity defense relieves defendant of individual liability. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

## II.     Factual Background

In his motion to dismiss, defendant argued as follows:[2] "The Complaint fails to articulate any potential theory of liability against District Attorney Taylor in either his official capacity or his personal capacity, [and dismissal] is appropriate for any or all of the following reasons . . . . Qualified Immunity protects Chadwick Taylor from personal liability." Motion Of Defendants Taylor And DA's Office To Dismiss ("Motion To Dismiss") (Doc. #11) filed on November 13, 2012 at 2. The motion also includes the following heading: "Qualified Immunity Protects Chadwick Taylor From Personal Liability," and the following text:

> Plaintiffs bear the burden of establishing that the allegations qualify as a violation of clearly established federal rights, absent proof of which there can be no recovery of money damages from an individual defendant. See Rozek v. Topolnicki, 865 F.2d 1154 (10th Cir. 1989). None of the rights asserted by these plaintiffs qualifies as a clearly established statutory or constitutional right that has been infringed by the District Attorney. He has no personal liability for novel claims that have never previously been recognized. Qualified immunity should apply in this case as it did in Allen v. Kline, 507 F. Supp. 2d 1150, 1163 (D. Kan. 2007). No

---

[2]     For the sake of completeness, the Court includes defendant's entire argument with regard to qualified immunity.

published decisions more recent than the Allen v. Kline case have established the wrongfulness of the conduct described in the complaint. State actors are personally liable for violation of constitutional rights only where they are on constructive notice that their actions are unlawful. For a government official's conduct to violate clearly established law, so that the official is not entitled to qualified immunity from claims for money damages, a case directly on point is not required, but existing precedent must have placed the statutory or constitutional question beyond debate. There must be a consensus of cases of persuasive authority. See Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083-2084.

Qualified immunity rules were recently reaffirmed in Reichle v. Howards, 132 S. Ct. 2088 (2012):

> Howards contends that our cases have "settled" the rule that, "'as a general matter[,] the First Amendment prohibits government officials from subjecting an individual to retaliatory actions'" for his speech. See Brief for Respondent at 39 (quoting Hartman, supra, at 256, 126 S. Ct. 1695). But we have previously explained that the right allegedly violated must be established, "'not as a broad general proposition,'" Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam), but in a "particularized" sense so that the "contours" of the right are clear to a reasonable official, Anderson, supra, at 640, 107 S. Ct. 3034. Here, the right in question is not the general right to be free from retaliation for one's speech, but the more specific right to be free from a retaliatory arrest that is otherwise supported by probable cause. This Court has never held that there is such a right.

Research has revealed no consensus of published authority that concludes that it is a violation of employees' constitutional rights to ignore complaints from employees who are not themselves nursing mothers concerning the needs of nursing mothers. Neither is it a violation of anyone's constitutional rights to respond to a complaint about a supervisor's hiring of domestic help for off-duty work by siding with the supervisor rather than with the subordinate employee.

Id. at 9-10 (citation format altered). Plaintiffs responded as follows:

> Defendant Taylor contends qualified immunity protects him from personal liability against the violations of Plaintiffs' federal rights. However, Defendant's argument is undermined by Allen v. Kline, in which the plaintiffs' First Amendment (freedom of association) claims against the District Attorney personally, as well as other constitutional claims against him in his official capacity, survived a [m]otion to [d]ismiss. [507 F. Supp. 2d 1150 (D. Kan. 2007).] Here, like in Allen, Defendant Taylor may be held personally liable for his violations of Plaintiffs' free speech rights under the First Amendment. Furthermore, despite Defendants' complete

> mischaracterization of Plaintiffs' protected complaints in order to minimize them and portray them as merely "internal whistleblowing," as articulated above in Section D, Plaintiffs' protected complaints were matters of public concern, not about merely personal interests. Defendant Taylor's Motion to Dismiss must be denied.

Plaintiffs' Memorandum In Opposition To [Motion To Dismiss] (Doc. #16) filed Jan. 4, 2013 at 14 (citation format altered). The Court determined that defendant was entitled to qualified immunity on plaintiffs' constitutional claims (Count IV). See Memorandum And Order (Doc. #24) at 13-14. The Court did not address whether qualified immunity applied to plaintiffs' FLSA claims against defendant in his individual capacity. See id.

### III. Analysis

Defendant asserts that he raised qualified immunity to all individual capacity claims against him, including the FLSA claim (Count VI), and that he is entitled to immunity on that claim. See Motion To Dismiss (Doc. #11) at 2, 9. Although defendant does not expressly identify any grounds which warrant reconsideration, he implies that the Court clearly erred by not dismissing plaintiffs' FLSA claim against him on the basis of qualified immunity. Because the opening brief of defendant's motion to dismiss did not properly assert qualified immunity as to plaintiffs' FLSA claims, the Court overrules defendant's motion for reconsideration.

Defendant's motion to dismiss did not expressly raise qualified immunity as to plaintiffs' FLSA claim. In short, defendant never asserted that he was entitled to qualified immunity on the ground that (1) he did not violate the FLSA, or (2) the law regarding his application of the FLSA to either plaintiff was not clearly established. See Gray v. Baker, 399 F.3d 1241, 1246 (10th Cir. 2005) (defendants failed to assert true qualified immunity defense to FMLA claim when they never said "they should be shielded from liability because they acted in good faith in interpreting and applying the FMLA" to plaintiff's situation); see also Ortega v. City & Cnty. Of Denver,

No. 11-CV-02394-WJM-CBS, 2013 WL 359934, at *6 & n.4 (D. Colo. Jan. 30, 2013) (failed to raise qualified immunity when opening brief did not state that plaintiffs failed to show violation of constitutional right or that constitutional right was not clearly established).  Defendant did not cite the FLSA in the qualified immunity section of his motion to dismiss, nor did he identify the precise claims on which he asserted qualified immunity.  See Motion To Dismiss (Doc. #11) at 9-10.

Defendant states he expressly asserted qualified immunity as to plaintiffs' FLSA claims when he wrote, "None of the rights asserted by these plaintiffs qualified as a clearly established statutory or constitutional right that has been infringed by the District Attorney."  Motion To Reconsider (Doc. #25) at 2.  Presumably, defendant believes his passing reference to a "statutory right" put plaintiffs and the Court on notice that he raised qualified immunity as to plaintiffs' FLSA claims.  The Court disagrees.  Without more, a single veiled reference to the FLSA, buried deep within defendant's brief, is insufficient to assert a right to qualified immunity as to plaintiffs' FLSA claims.  This is particularly true because plaintiffs brought claims under other statutes, including Title VII, Section 1983 and Section 1985.[3]  See Gray, 399 F.3d at 1246;[4] see also United States v.

---

[3] Defendant's arguments and cited cases put plaintiffs on notice that he asserted qualified immunity as to plaintiff's constitutional claims under Section 1983.  See Motion To Dismiss (Doc. #11) at 9-10 (qualified immunity protects defendant from personal liability, citing Reichle v. Howards, 132 S. Ct. 2088 (2012) (analyzing application of qualified immunity to constitutional claims), Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (same), Rozek v. Topolnicki, 865 F.2d 1154, 1155 (10th Cir. 1989) (analyzing application of qualified immunity to constitutional claims under Section 1983), Allen v. Kline, 507 F. Supp. 2d 1150 (D. Kan. 2007) (same)).

[4] In Gray, plaintiff brought claims under Section 1983 and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654, against public officials in their individual capacities.  399 F.3d at 1244.  The district court denied qualified immunity on defendants' motion for summary judgment, and they immediately appealed.  Id.  The Tenth Circuit determined that it did not have jurisdiction to review the denial of summary judgment regarding the FMLA claims because defendants had not actually asserted a true qualified immunity defense in the first place.
(continued...)

Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Defendant correctly states that plaintiffs carry the burden of presenting legal authorities to establish that they asserted that defendant violated a clearly established federal right. Motion To Reconsider (Doc. #25) at 3-4. Plaintiffs and courts do not, however, carry the burden of asserting the qualified immunity defense on a motion to dismiss in the first instance.[5]

---

[4](...continued)
Id. at 1245. Defendants' argument focused on whether they could be individually liable under the FMLA, which involved statutory interpretation. Id. Because the Tenth Circuit lacked jurisdiction, it never analyzed whether defendants could be liable under the FMLA or addressed whether qualified immunity was available as a defense.

Although Gray involved the FMLA rather than the FLSA, both acts impose similar clear requirements. See id. at 1245 ("In other words, [defendants] are not claiming, and indeed cannot claim given the clear requirements of the FMLA, they were unaware that a particular course of conduct would be violative of the FMLA."). If defendant Gray did not properly raise qualified immunity at the summary judgment stage, defendant Taylor did not properly assert qualified immunity when he merely mentioned "statutory or constitutional right" in his motion to dismiss. See Peterson v. Jensen, 371 F.3d 1199, 1201 (10th Cir. 2004) (asserting qualified immunity at motion to dismiss stage subjects defendants to more challenging standard of review than applies on summary judgment).

[5]   Qualified immunity is not clearly available as a defense to FLSA claims in the Tenth Circuit. At least one district court within the Tenth Circuit has rejected the defense in that context. See Robillard v. Bd. of Cnty. of Comm'rs of Weld Cnty. Colo., No. 11-cv-03180-PAB-KMT, 2012 WL 694507, at *2 (D. Colo. Mar. 1, 2012) (qualified immunity not available on FLSA claims; qualified immunity defense to Section 1983 claims only). The issue rarely arises and is inconsistently resolved. See id.; Barfield v. Madison Cnty., Miss., 984 F. Supp. 491, 496 n.8 (S.D. Miss. 1997) (refusing to consider qualified immunity under FLSA when defendant failed to cite support for its applicability), abrogated on other grounds by Washington v. Fred's Stores of Tenn., Inc., 427 F. Supp. 2d 725 (S.D. Miss. 2006); Baker v. Stone Cnty., Mo., 41 F. Supp. 2d 965, 1003 (W.D. Mo. 1999) (defendant entitled to qualified immunity for FLSA claims to extent named in individual capacity). Cf. Gomez v. Toledo, 446 U.S. 635, 639 (1980) (defendants entitled to qualified immunity under Section 1983 because rights well-established at common law and compatible with purposes of Civil Rights Act).

In his motion for reconsideration, defendant cites Guttman v. Khalsa, 669 F.3d 1101 (10th Cir. 2012). See Motion To Reconsider (Doc. #25) at 3 ("The [Tenth] Circuit Court of Appeals recently confirmed that qualified immunity is available to defeat individual capacity claims arising
(continued...)

The Court notes that it does not determine whether defendant is entitled to qualified immunity. Rather, defendant failed to properly raise the issue in the first place, so the issue was not before the Court. The Court will not consider new arguments in the motion for reconsideration.[6] See Cline v. S. Star Cent. Gas Pipeline, Inc., 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

**IV.    Conclusion**

In his Motion To Dismiss (Doc. #11), defendant did not properly assert qualified immunity as to plaintiffs' FLSA claims against him in his individual capacity. Thus, the Court did not err when it did not address it then, and it will not reconsider the issue now.

---

[5](...continued)
under the Americans with Disabilities Act, for example."). Defendant's reliance on this case is misplaced. In Guttman, the Tenth Circuit affirmed the application of sovereign immunity to the ADA claim and qualified immunity to the stigma-plus constitutional due process claim. In any event, the Court will not consider arguments presented for the first time on reconsideration.

[6] Even in the motion for reconsideration, defendant fails to properly assert qualified immunity. Instead of focusing on whether defendant acted in good faith in his dealings with plaintiffs, defendant argues that it was not clearly established that he could be held "personally liable for payment of overtime to members of his staff." Motion To Reconsider (Doc. #25) at 5. This is not the correct inquiry. See Gray, 399 F.3d at 1245 ("[Defendants] are not claiming, and indeed cannot claim given the clear requirements of the FMLA, they were unaware that a particular course of conduct would be violative of the FMLA . . . . At bottom, the question of whether the defendants are subject to individual liability under the FMLA is one of statutory construction that had no bearing on the decisions defendants made with respect to [plaintiff]."). The proper inquiry is whether defendant acted in good faith, which defendant never asserted. As in Gray, defendant's qualified immunity defense in this case does not hinge on his "having acted in good faith in [his] dealings with [plaintiffs]." See id.

Defendant also states that "[Plaintiffs] have cited no appellate case that would make the FLSA or Title VII unambiguously applicable to persons in their job positions." Motion To Reconsider (Doc. #25) at 5. It is unclear whether defendant is suggesting that the FLSA does not clearly establish that it applies to people in *plaintiffs'* job positions, or to people in *defendant's* job position. If the defense is available, defendant may have properly raised it if he asserted that he interpreted the FLSA in good faith to not apply to plaintiffs, i.e. that an exemption applied. See Complaint (Doc. #1) ¶¶ 92-93. Even if this was defendant's attempted assertion on reconsideration, he never raised the issue in his motion to dismiss, so the Court would not address it now.

**IT IS THEREFORE ORDERED THAT** <u>Motion Of Defendant Taylor To Reconsider</u> (Doc. #25) filed October 3, 2013, be and hereby is **OVERRULED**.

Dated December 17, 2014 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge