**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KRYSTAL L. BOXUM-DEBOLT and** ) | |
| **LISA ANNE MOORE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 12-2641-KHV** |
| **MIKE KAGAY, in his official capacity** ) | |
| **as District Attorney for the Third District** ) | |
| **of the State of Kansas,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Krystal L. Boxum-Debolt and Lisa Anne Moore bring suit against Mike Kagay in his official

capacity as District Attorney for the Third Judicial District of the State of Kansas. Plaintiffs assert

claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for gender

discrimination and retaliation based on complaints of gender and/or race discrimination. From

January 9 to 13, 2017, the Court held a jury trial which resulted in a verdict in favor of defendant

on all claims. See Verdict (Doc. #147). On January 17, 2017, the Court entered judgment.

Judgment In A Civil Case (Doc. #151). On February 14, 2017, plaintiffs filed a motion for new trial.

See Plaintiffs' Motion For New Trial And Supporting Memorandum (Doc. #152). This matter

comes before the Court on defendant's Motion For Leave To File Response Out Of Time (Doc.

#154) filed March 1, 2017.

As noted, on February 14, 2017, plaintiffs filed their motion for new trial. Pursuant to

D. Kan. Rule 6.1, defendant had 14 days – or until February 28, 2017 – to file a response. See

D. Kan. Rule 6.1(d)(2). Defendant did not do so. One day later, on March 1, 2017, defendant filed

a motion for leave to file his response out of time. Defendant asserts that on February 28, 2017, at

approximately 4:46 p.m., counsel completed the response and placed it in his office queue for filing. At 5:20 p.m., counsel received a CM/ECF notice on his cell phone and believed that the response had been filed. The text which counsel reviewed, however, did not include the case name. The next day, on March 1, 2017, when counsel was en route to a court hearing in Wichita, he learned that the CM/ECF notice which he viewed the day before was in another case and that due to interoffice miscommunication, the response which he had prepared was not filed this case. Defendant seeks leave to file the response out of time.

Plaintiffs oppose the request, asserting that defendant has not shown excusable neglect to justify filing the response out of time. See Plaintiffs' Brief In Opposition To Defendant's Motion For Leave To File Response Out Of Time (Doc. #156) filed March 15, 2017. Pursuant to D. Kan. Rule 6.1, a party must file a motion for extension of time before the specified time expires and absent a showing of excusable neglect, the Court will not grant extensions requested after the specified time expires. Kan. Rule 6.1(a).[1]   Here, defendant did not request an extension of time

---

[1]       Rule 6.1(a) states, in part, as follows:

All motions for an extension of time to perform an act required or allowed to be done within a specified time must show:

    (1) whether there has been prior consultation with other parties and the views of other parties;

    (2) the date when the act was first due;

    (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and

    (4) the cause for the requested extension.

Parties must file the motion before the specified time expires. Absent a showing of

(continued...)

before the specified time to respond expired.  Thus, he must show excusable neglect.  See id.

Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993).  The determination whether neglect is excusable is at bottom an equitable one which requires the Court to consider all relevant circumstances including (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether movant acted in good faith.  Id. at 395; Bishop v. Corsentino, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

Defendant states that counsel inadvertently believed that the response had been timely filed when in fact, due to interoffice miscommunication, it was not.  Ordinarily, mistakes by counsel do not constitute excusable neglect.  See, e.g., Self v. Lansing Unified Sch. Dist. No. 469, No. 13-2487-KHV, 2014 WL 6678632, at *1 (D. Kan. Nov. 25, 2014) (citing Pioneer Inv., 507 U.S. at 392).  In this case, however, the circumstances weigh in favor of allowing defendant leave to file his response out of time.  Defendant's response will aid the Court in deciding plaintiffs' motion on the merits.  Moreover, a one-day delay will not unduly prejudice plaintiffs or the judicial proceedings.  In addition, although the reason for the delay was entirely within counsel's control, the record does not suggest that defendant acted in bad faith. Accordingly, the Court will sustain defendant's motion.

---

[1](...continued)
excusable neglect, the court will not grant extensions requested after the specified time expires.

D. Kan. Rule 6.1(a).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Leave To File Response Out Of Time</u> (Doc. #154) filed March 1, 2017 be and hereby is **SUSTAINED**. On or before **April 12, 2017**, defendant may file his proposed response. On or before **April 26, 2017**, plaintiffs may file a reply in support of their motion for new trial.

Dated this 10th day of April, 2017 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
