# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRYSTAL L. BOXUM-DEBOLT and )
LISA ANNE MOORE, )
                            )
         **Plaintiffs,** )
                            )    **CIVIL ACTION**
v. )
                            )    **No. 12-2641-KHV**
**MIKE KAGAY, in his official capacity** )
**as District Attorney for the Third District** )
**of the State of Kansas,** )
                            )
         **Defendant.** )
_____)

## MEMORANDUM AND ORDER

Krystal L. Boxum-Debolt and Lisa Anne Moore bring suit against Mike Kagay in his official capacity as the District Attorney for the Third Judicial District of Kansas, asserting claims for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. From January 9 to 13, 2017, the Court conducted a jury trial which resulted in a verdict in favor of defendant. See Verdict (Doc. #149) filed January 13, 2017. This matter comes before the Court on Plaintiffs' Motion For New Trial And Supporting Memorandum (Doc. #152) filed February 14, 2017. For reasons stated below, the Court overrules plaintiffs' motion.

## Legal Standards

In deciding whether to grant a motion for new trial, the Court exercises broad discretion.[1] See Unit Drilling Co. v. Enron Oil & Gas Co., 108 F.3d 1186, 1194 (10th Cir. 1997). The Court

---

[1] Pursuant to Rule 59, Fed. R. Civ. P., the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).

generally regards motions for new trial with disfavor and grants them only with great caution.[2] See Franklin v. Thompson, 981 F.2d 1168, 1171 (10th Cir. 1992); Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc., 734 F. Supp.2d 1210, 1216 (D. Kan. 2010). The party seeking to set aside a jury verdict must demonstrate prejudicial trial error or that the verdict is not based on substantial evidence. Anderson v. Phillips Petroleum Co., 861 F.2d 631, 637 (10th Cir. 1988), overruled on other grounds by Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); White v. Conoco, Inc., 710 F.2d 1442, 1443 (10th Cir. 1983). Where a party seeks a new trial based on insufficient evidence, the verdict must stand unless it is clearly, decidedly or overwhelmingly against the weight of the evidence. See May v. Interstate Moving & Storage Co., 739 F.2d 521, 525 (10th Cir. 1984). In reviewing a motion for new trial, the Court views the evidence in the light most favorable to the prevailing party. See Griffin v. Strong, 983 F.3d 1544, 1546 (10th Cir. 1993). The Court ignores errors that do not affect the essential fairness of the trial. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984).

**Analysis**

Plaintiffs urge the Court to order a new trial. Plaintiffs assert that at trial, the overwhelming weight of evidence demonstrated that the previous district attorney, Chadwick Taylor, fired them because of gender and/or in retaliation for opposition to gender and race discrimination. See Plaintiffs' Motion For A New Trial And Supporting Memorandum (Doc. #152) at 3-17. Also, plaintiffs assert that the Court committed prejudicial error by allowing defendant to present evidence

---

[2] The right to trial by jury is a fundamental principle of our legal system. See Jacob v. City of N.Y., 315 U.S. 752, 752-53 (1942) (right to jury trial in civil cases basic and fundamental feature of our legal system; courts should jealously guard right so fundamental and sacred to citizens).

regarding the personal staff exemption under Title VII[3] and Moore's sexual orientation.[4] See id. at 18-24.

Upon careful review of plaintiffs' arguments and the evidence presented at trial, the Court overrules plaintiffs' motion for substantially the reasons stated in defendant's Response To Motion For New Trial (Doc. #159) filed April 11, 2017. In particular, the Court finds that substantial evidence supports the jury verdict. See id. at 2-7. Based on evidence presented at trial, the jury could reasonably conclude that Taylor decided to fire plaintiffs based on their distasteful emails and Sue Murphy's statements regarding plaintiffs' contribution to dysfunction in the victim/witness unit, and not because of discriminatory and/or retaliatory intent. See id. In addition, the Court finds that evidence regarding the personal staff exemption and Moore's sexual orientation was relevant to the issues at hand and did not unduly prejudice plaintiffs. See id. at 8-12.

---

[3] Defendant asserted that plaintiffs could not assert claims under Title VII because they were members of Taylor's personal staff and therefore did not constitute "employees" under the statute. See 42 U.S.C. § 2000e(f) (definition of "employee" excludes any person chosen by elected officer to serve on personal staff). The Court submitted the issue to the jury, which rejected this defense and found in favor of plaintiffs on that issue. See Verdict (Doc. #147) at 2-3.

[4] Defendant asserted that Taylor fired plaintiffs because of their negative work attitudes, including certain emails that they exchanged at work. In the emails, plaintiffs made derogatory comments about co-workers and discussed their own drunken conduct at local bars, including Moore's love interests in other women. Plaintiffs sought to redact statements regarding Moore's sexual orientation. The Court found that redacting the emails would change their character and substance and that knowledge of Moore's sexual orientation would not unduly prejudice the jury.

3

**IT THEREFORE ORDERED** that Plaintiffs' Motion For New Trial And Supporting Memorandum (Doc. #152) filed February 14, 2017 is **OVERRULED**.

Dated this 29th day of June, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge